UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOREN D. KING, II,

    Plaintiff,

v.                                      Case No: 2:17-cv-583-FtM-99CM

KELLI STEINER-DAWSON, RN, ICU Nurse Manager, HCA WEST FLORIDA, and BILL HAWLEY, CEO/President,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendants Kelli Steiner-Dawson and Bill Hawley's Motion to Dismiss With Prejudice for Failure to State a Claim (Doc. #28) filed on June 22, 2018. Plaintiff *pro se* Loren D. King, II filed a Response in Opposition (Doc. #34) on July 20, 2018. For the reasons set forth below, the Motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

On October 20, 2017, plaintiff, a former nurse-employee of Fawcett Memorial Hospital in Port Charlotte, Florida, filed this employment discrimination case using a "form complaint" provided to *pro se* litigants by the Court.[1] (Doc. #1.) In the initial Complaint, plaintiff cited federal question in the "basis of jurisdiction" section and named four defendants: HCA, Fawcett Memorial Hospital, Administrator, and Nurse Manager. (Id.)

Prior to effecting service of the initial Complaint, plaintiff filed an Amended Complaint (Doc. #9) again using a form complaint, naming HCA West Florida, Kelli Steiner-Dawson, RN ICU Nurse Manager, and Bill Hawley, CEO/President, individually as defendants. Plaintiff lists Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Florida Civil Rights Act (FCRA) as the basis for his Amended Complaint. (Id.)

In the "Statement of Claim" section of the Amended Complaint, plaintiff states in five lengthy paragraphs that he was discriminated against because of his disability [2] and no

---

[1] Prior to filing the instant lawsuit, on November 11, 2015, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) (EEOC No. 510-2016-00563), alleging discrimination based on sex, age, and disability. Plaintiff received a Notice of Right to Sue letter from the EEOC on July 24, 2017.

[2] The Amended Complaint does not state what disability plaintiff suffers from, only stating that he has "difficulties with maintaining attention to details." (Doc. #9, ¶ 2.)

- 3 -

accommodation was provided by defendants.  Each paragraph of the Statement of Claim begins with a statement of the cause of action plaintiff is attempting to bring, as follows:

1. Manger targeted and harassed employee (plaintiff) forming an intimidating environment representative of workplace violence.

2. Management discriminated against my (plaintiff's) disability.

3. Harassment leading to constructive discharge utilizing underhanded tactics to discriminate, set-up and terminate vulnerable populations.

4. Breach of trust.

5. Age Discrimination.

(Doc. #9.)  Plaintiff believes he was targeted and harassed by Steiner-Dawson, a nurse manager, who "ambushed urine tested" plaintiff, which tested positive for marijuana, resulting in his termination.  Plaintiff claims generally that defendant Steiner-Dawson's actions were "discrimination," "sabotage," and "vengeful."  (Id., ¶¶ 1-4.) Plaintiff alleges that defendant Hawley also denied him due process and that he allowed for defendant Steiner-Dawson's actions to occur and thus was negligent in his duties and obligations.  (Id., ¶¶ 1-2, 4.)

Plaintiff served the Amended Complaint on Steiner-Dawson and Hawley, and they now move to dismiss, arguing that plaintiff's claims cannot be brought against individual defendants.  (Doc. #28.)  It appears that HCA West Florida was served on June 5, 2018

via Hawley as an "appointed designee" (Doc. #23), but HCA West Florida has not filed a response to the Amended Complaint and defendants state in their Motion to Dismiss that the entity "HCA West Florida" does not exist. (Id., n.1.)

In Response to the Motion to Dismiss, plaintiff acknowledges that the claims may not be used to sue individuals, but he wants to reserve the right to sue them individually or combined in the future. (Doc. #34, p. 1.)

**III.**

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id. Construed liberally, plaintiff alleges claims for gender discrimination, harassment, and hostile work environment under Title VII and the FCRA, as well as claims under the ADA and the ADEA.

**ADEA and FCRA**

The Age Discrimination in Employment Act of 1967 (ADEA) provides that "[i]t shall be unlawful for an employer" to

"discriminate against any individual… because of such individual's age." 29 U.S.C. § 623(a)(1). Both Eleventh Circuit and Florida case law are clear that there is only employer liability for an ADEA claim and a FCRA claim.[3] Albra v. Avan, Inc., 490 F.3d 826, 830 (11th Cir. 2007); Mason v. Stallings, 83 F.3d 1007, 1009 (11th Cir. 1996) ("[T]he 'agent' language was included to ensure respondeat superior liability of the employer for the acts of its agents...."); Patterson v. Consumer Debt Mgmt. and Educ., Inc., 975 So. 2d 1290, 1292 (Fla. 4th DCA 2008).

**Title VII and FCRA**

Title VII prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). "Relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (emphasis in original) (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)); see also Rickman v. Precisionaire,

---

[3] FCRA age discrimination claims are subject to the same analysis as ADEA and Title VII claims. Cardelle v. Miami Beach Fraternal Order of Police, 593 F. App'x 898, 901 (11th Cir. 2014); Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455 n.2 (11th Cir. 1997); Valenzuela v. GlobeGround N. Am., LLC, 18 So. 3d 17, 21 (Fla. 3d DCA 2009). "Federal case law interpreting Title VII and the ADEA applies to cases arising under the FCRA." City of Hollywood v. Hogan, 986 So. 2d 634, 641 (Fla. 4th DCA 2008).

Inc., 902 F. Supp. 232, 234 (M.D. Fla. 1995) ("although Congress defined 'employer' to include 'agent' this does not impose individual liability but only holds the employer accountable for the acts of its individual agents."). "Individual capacity suits under Title VII are simply inappropriate." Busby, 931 F.2d at 772.

**ADA**

In Mason v. Stallings, the Eleventh Circuit held that "[a]s to individual liability, there is no sound reason to read the Disabilities Act any differently than . . . Title VII and the Age Discrimination in Employment Act." 82 F.3d 1007, 1009 (11th Cir. 1996) (holding in a case of first impression for the Eleventh Circuit that the ADA did not impose individual liability). See also Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1172 (11th Cir. 2003) (individual liability precluded for violation of ADA anti-discrimination provision in employment); Pritchard v. So. Co. Servs., 102 F.3d 1118, 1119 n.1 (11th Cir. 1996) (the plaintiff's "remedy for any discrimination she may have suffered on account of her alleged disability lies against her employer, not individual officers of her employer.").

In conclusion, because Title VII, the FCRA, the ADA, and the ADEA do not provide for individual liability, the claims against Steiner-Dawson and Bill Hawley in their individual capacities are dismissed with prejudice. To the extent that plaintiff wishes to

sue his employer, plaintiff will be provided the opportunity to file a "Second Amended Complaint" to identify the proper employer-defendant as it appears that HCA West Florida is not the proper entity.  Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count."  Id.  If plaintiff chooses not to amend, the remaining defendant (HCA West Florida) must file an appropriate request for dismissal before this case can be closed.  If HCA West Florida contends that it is not a proper defendant, it must file a motion to that effect.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Defendants Kelli Steiner-Dawson and Bill Hawley's Motion to Dismiss With Prejudice for Failure to State a Claim (Doc. #28) is **GRANTED** and defendants Kelli Steiner-Dawson and Bill Hawley are dismissed with prejudice.  The Clerk is directed to enter judgment accordingly and terminate these defendants.

2.  Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order and in compliance with the directives above.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record